# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JONAH AMSEL, | ) |
| Plaintiff, | ) Case No. 2:16-cv-00999-RFB-GWF |
| vs. | ) **ORDER** |
| DOUGLAS D. GERRARD, DOLORES ELIADES, and ARISTOTELIS ELIADES, | ) |
| Defendants. | ) |

This matter is before the Court on Defendant Douglas Gerrard's Motion to Compel (ECF No. 89), filed on January 16, 2017. Plaintiffs filed their Response (ECF No. 93) on January 30, 2017. Defendant filed his Reply (ECF No. 95) on February 3, 2017. The Court conducted a hearing in this matter on February 15, 2017. Defendant filed his Supplement in support of his Motion to Compel (ECF No. 97) on February 22, 2017. Plaintiffs filed their Supplement in opposition of Defendant's Motion to Compel (ECF No. 102) on March 1, 2017.

## BACKGROUND

This matter arises from allegations of failure to pay minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201-208, the Nevada Constitution, and Nevada Revised Statute § 608.018. *See Amended Complaint* (ECF No. 1-1). On February 21, 2017, Plaintiffs withdrew their third and fourth claims for relief under Nevada law and the Court granted dismissal of those claims. *See* ECF No. 98. Plaintiffs allege that they were employed as promoters, doormen, drivers, and valets. The parties agree that Plaintiffs were independent contractors in the promoter positions and that they received compensation in the form of commission for work performed as promoters. Plaintiffs allege that Defendants failed to pay them minimum and overtime wages for work performed in the doorman and valet positions. Plaintiffs allege that

Defendants failed to pay them any wages and that they received only tips from patrons for work performed as doormen and valets. *See Amended Complaint* (ECF No. 1-1), pg. 4.

Defendants argue that Plaintiffs worked as independent contractors and, therefore, are not entitled to the protections of the FLSA. *See Motion to Compel* (ECF No. 89), pg. 5. In the alternative, Defendants argue that if Plaintiffs are considered employees, Defendants are entitled to a tip credit offset pursuant to 29 U.S.C. § 203(m)(2). *See Supplement to Motion to Compel* (ECF No. 97), pg. 2. Due to a lack of formal record keeping and in order to establish their defenses, Defendants move to compel responses to their Requests for Production Nos. 4-16. *See Motion to Compel* (ECF No. 89), pg. 4-5. Defendants seek the production of Plaintiffs' financial records including, tax returns, real property deeds, income statements, bankruptcy filings, financial statements, and bank account statements. *Id.* at pg. 5. Plaintiffs argue that their private financial documents are not relevant to the determination of whether they are employees or independent contractors and that Defendants are not entitled to a tip credit offset. *See Opposition* (ECF No. 93), pg. 15.

## DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, including consideration of the importance of the discovery in resolving the issues, the parties' relative access to relevant information, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b). Information within the scope of discovery need not be admissible in evidence to be discoverable. *Id.*

In *Roberts v. Clark County School District*, 312 F.R.D. 594, 601-4 (D. Nev. 2016), the Court discusses the intent of the 2015 amendments to Rule 26(b) and Chief Justice Roberts' 2015 Year-End Report in which he stated:

> The 2015 amendments to Rule 26(b)(1) emphasize the need to impose "reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." The fundamental principle of amended Rule 26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case." The pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary and wasteful discovery. This requires active involvement of federal judges to make decisions regarding the scope of

discovery.

*Roberts*, 312 F.R.D. at 603.

Rule 26(b)(2)(C)(i) provides that on motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. The starting point with respect to a motion to compel discovery remains the relevance of the requested information. Defendants argue that the requested documents are relevant for three reasons. First, the documents are relevant to establish that Plaintiffs are independent contractors. Second, the documents are relevant to establish that Defendants are entitled to the tip credit offset under the FLSA. Third, the documents are relevant to show credibility.

### A.    Independent Contractors

Tax returns and related documents "do not enjoy an absolute privilege from discovery." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006) (quoting *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir.1975). Nevertheless, "a public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns." *Premium Serv. Corp.*, 511 F.2d at 229. Tax returns may be discovered where the party's income or financial condition is in issue and there is a compelling need because the information sought is not otherwise available to the requesting party. *Fosbre v. Las Vegas Sands Corp.*, 2016 WL 54202, at *5 (D. Nev. Jan. 5, 2016); *Aliotti v. Vessel SENORA*, 217 F.R.D. 496, 498 (N.D. Cal. 2003). If the requesting party shows the relevance of the producing party's tax returns, then the burden shifts to the producing party to show that other sources exist from which defendants may readily obtain the information. *Fosbre*, 2016 WL 54202, at *5.

Here, Defendants have not met their burden of showing the information sought is relevant to their defense that Plaintiffs are independent contractors. Defendants argue that the requested documents are the only way to show that Plaintiffs received payments from third parties, such as customers. To determine whether someone is an employee under the FLSA, courts engage in an

3

economic realities test, which includes the consideration of factors, such as the degree of the alleged employee's right to control the manner in which the work is to be performed, the alleged employee's opportunity for profit and loss, the alleged employee's investment in equipment or materials, and whether the service rendered requires a special skill. *Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 754–55 (9th Cir. 1979). Defendants' argument that Plaintiffs' financial documents will show payments from third party customers demonstrating their opportunity for profit and loss and their investment in equipment or materials is not convincing. Plaintiffs' financial condition is not in issue to determine whether they are considered employees under the FLSA. Further, there are alternative, less intrusive means by which Defendants can obtain relevant information to establish this defense. The Court, therefore, finds that the personal financial information sought by Defendants is not proportional to the needs of the case in regard to Defendants' defense that Plaintiffs are independent contractors.

## B. Tip Credit Offset

Under the FLSA, employers must pay their employees a minimum wage. *See* 29 U.S.C. § 206(a). The FLSA's definition of wage recognizes that under certain circumstances, employers of "tipped employees" may include part of such employees' tips as wage payments. 29 U.S.C. § 203(m); *Cumbie v. Woody Woo, Inc.*, 596 F.3d 577, 580 (9th Cir. 2010). An employer may use a tip credit to determine the wage of a tipped employee if it: (1) pays a cash wage of at least $2.13 per hour; (2) informs its employees of the FLSA's tip credit provisions; (3) permits its employees to retain all their tips (except for permissible tip pooling); and (4) ensures that the cash wage plus the tip credit equal at least the minimum wage each week. *Montijo v. Romulus Inc.*, 2015 WL 1470128, at *5 (D. Ariz. Mar. 31, 2015), appeal dismissed (Sept. 10, 2015), appeal dismissed (Sept. 15, 2015) (quoting *Roberts v. Apple Sauce, Inc.*, 945 F. Supp. 2d 995, 999 (N.D. Ind. 2013)).

Defendants argue that the requested financial documents are critical to establishing that Defendants are entitled to a tip credit because they will show the amount of tips Plaintiffs received and the hours that they worked. *See Defendants' Supplement* (ECF No. 97), pg. 6. Plaintiffs argue that Defendants fail to meet the requirements of the tip credit provision because Plaintiffs were not paid a wage of at least $2.13 per hour for employment duties performed as doormen or valets and

4

because Defendants' tip credit notice was insufficient. *See Plaintiffs' Supplement* (ECF No. 102),

pg. 6. During the hearing, Plaintiffs argued that Nevada law does not allow for a tip credit and,

therefore, Defendants are not entitled to that defense pursuant to the savings clause of the FLSA, 29

U.S.C. § 218(a)[1]. *See Helm v. Alderwoods Grp., Inc.*, 696 F. Supp. 2d 1057, 1075 (N.D. Cal. 2009);

*Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1150 (9th Cir. 2000); *Busk v. Integrity Staffing

Sols., Inc.*, 713 F.3d 525, 529 (9th Cir. 2013), rev'd, 135 S. Ct. 513, 190 L. Ed. 2d 410 (2014).

Plaintiffs, however, stated in their supplement that the Court need not decide whether state law[2]

regarding tip credits controls because Defendants nonetheless do not meet the threshold

requirements of the tip credit provision.

Defendants have not shown that they have fulfilled the requirements of the tip credit

provision. Although it appears that Plaintiff Maltman received a wage of $8.25 an hour for a period

of time, Plaintiffs received only commissions based on their duties as promoters and tips for their

duties as doormen or valets. Because Defendants are unable to show that Plaintiffs received a cash

wage of at least $2.13 an hour, they failed to fulfill the first requirement of the tip credit provision.

Further, to be eligible for the tip credit, employers must first notify the employees of the

requirements of the law regarding minimum wages and the employer's intention to take the tip

credit. *Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294, 298 (6th Cir. 1998). An

employer must inform the employee that it intends to treat tips as satisfying part of the employer's

minimum wage obligation. *Id.* Defendants argue that they provided sufficient notification to

Plaintiffs by posting on their premises an FLSA informational poster that appears to include an

explanation of the tip credit provision. *See Defendants' Supplement* (ECF No. 97-2). The poster

states that "[e]mployers of 'tipped employees' who meet certain conditions may claim a partial

wage credit based on tips received by their employees." *Id.* The poster, therefore, informs

employees that an employer may take a tip credit, but did not provide notification to Plaintiffs that

---

[1] The "savings clause" enables states and municipalities to enact more favorable wage, hour, and child labor legislation. 29 U.S.C. § 218(a).

[2] NRS 608.160(b) states that it is unlawful for any person to "[a]pply as a credit toward the payment of the statutory minimum hourly wage established by any law of this State any tips or gratuities bestowed upon the employees of that person."

5

Defendants would or had the intent to take a credit based on their tips. Defendants do not represent that they took any further action, like verbal notification, to inform Plaintiffs of their intent to claim a tip credit. The Court finds that Defendants did not provide sufficient notification of their intent to use the tip credit to Plaintiffs. Therefore, production of Plaintiffs' personal financial documents is not proportional to the needs of the case in regard to Defendants' defense under the tip credit provision.

### C.    Credibility

Defendants argue that Plaintiff's financial documents are necessary to test their credibility by comparing their testimony of hours worked to their financial records. *See* Defendants' Supplement (ECF No. 97), pg. 8-9. Plaintiffs argue that they have provided Plaintiff Maltman's time records and disclosed witnesses that are sufficient to draw a reasonable inference of time worked. *See Plaintiffs' Supplement* (ECF No. 102), pg. 16. Defendants do not provide a sufficient showing that Plaintiffs' financial records are relevant to Plaintiffs' credibility regarding their testimony of number of hours worked. Defendants' credibility argument does not overcome Plaintiffs' privacy interests in their financial records. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Douglas Gerrard's Motion to Compel (ECF No. 89) is **denied**.

DATED this 12th day of April, 2017.

GEORGE FOLEY, JR.
United States Magistrate Judge

6